IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 1:17cr9-HSO-RHW
Civil No. 1:23cv18-HSO

BRANDON BRADLEY

**ORDER DISMISSING DEFENDANT BRANDON BRADLEY'S MOTION [47] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

BEFORE THE COURT is Defendant Brandon Bradley's Motion [47] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After due consideration of the Motion [47], the record, and relevant legal authority, the Court finds that Defendant Brandon Bradley's Motion [47] should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

I. BACKGROUND

On January 25, 2017, Defendant Brandon Bradley ("Defendant") was charged in a two-count Indictment [14] with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count One), and with knowing and intentional possession with intent to distribute more than 50 grams of methamphetamine (Count Two). Indict. [14] at 1. Defendant pled guilty to Count One on April 25, 2017, pursuant to a Plea Agreement [32] with the Government.

Minute Entry, Apr. 25, 2017. On August 30, 2017, Defendant was sentenced to 160 months of imprisonment, followed by a five-year term of supervised release, and Count Two of the Indictment [14] was dismissed. J. [40]. Defendant did not file a direct appeal of his sentence. Accordingly, his conviction became final on September 13, 2017. *See* Fed. R. App. P. 4(b)(1)(A)(i).

On January 19, 2023, Defendant filed the present Motion [47] to Vacate under 28 U.S.C. § 2255. Mot. [47] at 4-5; Envelope [47-1]. Defendant argues that the Court erred in applying a two-level enhancement pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(5) because he claims that he should have been subject to a downward adjustment as a minor or minimal participant. Mot. [47] at 4-5. Likewise, Defendant argues that his counsel was ineffective for failing to argue that he was a minor or minimal participant. *Id.* at 6. Finally, Defendant claims that his plea was not knowing and intelligent because "he was misinformed by the district court as to the nature of the enhancement charge." *Id.* at 8.

Defendant acknowledges that his conviction became final more than one year prior to the date of filing of this Motion [47], but argues that the one-year statute of limitations does not apply:

> Defendant has defeated the timeliness bar by relying on the exercise of due diligence. The facts supporting the claim was discovered through a third party by emailing new habeas corpus wins on 6/20/2022 however the case was not updated on law library nexis until Sept. of 2022 but the prison continue to operate on lockdowns due to COVID-19 procedure this extraordinary circumstance stood in his way.

*Id.* at 10 (errors in original).

2

## II. DISCUSSION

Rule 4 of the Section 2255 Rules provides that upon a defendant's filing of a § 2255 motion,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Section 2255 Rule 4(b).

A motion to vacate a sentence brought pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While this statute of limitations can be tolled for equitable reasons, a defendant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Defendant's conviction became final on September 13, 2017, *see* J. [40]; Fed. R. App. P. 4(b)(1)(A)(i), and he has not demonstrated that any of the other

3

limitations periods apply, *see* Mot. [47] at 10. While Defendant claims that "[t]he facts supporting the claim was [sic] discovered through a third party by emailing new habeas corpus wins on 6/20/2022," *id.*, he has not explained what "habeas corpus wins" to which he refers and therefore does not demonstrate a newly recognized right by the Supreme Court. Moreover, Defendant has not explained how these "habeas corpus wins" led to the discovery of facts supporting Defendant's present claim that he was a minor or minimal participant in the offense. Even now, after the supposed discovery of these facts, Defendant does not present any facts to demonstrate that the mitigating role sentencing guideline should apply, but instead he makes conclusory assertions. *See* Mot. [47] at 4 ("Bradley was no planer [sic], organizer of the criminal activity, involved in decision making, or stood to benefit from the criminal activity."). Defendant does not otherwise explain how he was unaware of his role in the offense until "a third party" sent him "new habeas corpus wins." *See id.* at 4, 10.

Finally, to the extent that he asserts that "COVID-19 procedures" were extraordinary circumstances impeding his filing the present Motion [47], any such policies were not implemented until 2020, more than two years after Defendant's conviction became final. Relying on COVID-19 protocols as a justification for this late filing demonstrates that Defendant has not "been pursuing his rights diligently," and therefore equitable tolling is inapplicable. *See Holland*, 560 U.S. at 649.

Defendant's Motion [47] is plainly barred by the statute of limitations under § 2255(f), and therefore his Motion [47] should be summarily dismissed pursuant to Rule 4 of the Section 2255 Rules. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (affirming a district court's sua sponte consideration of the statute of limitations for a habeas petition).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brandon Bradley's Motion [47] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** as untimely pursuant to Rule 4 of the Section 2255 Rules.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE