IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.   Criminal No. 1:17cr9-HSO-RHW
Civil No. 1:23cv18-HSO

BRANDON BRADLEY

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BRANDON BRADLEY'S MOTION [51] FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b), TO APPOINT COUNSEL, AND FOR AN EVIDENTIARY HEARING**

BEFORE THE COURT is the Motion [51] filed by Defendant Brandon Bradley that requests relief from Order [48] and Judgment [49], appointment of counsel, and an evidentiary hearing. After due consideration of the record and relevant legal authority, the Court finds that Defendant's Motion [51] should be denied.

I. BACKGROUND

On January 25, 2017, Defendant Brandon Bradley ("Defendant") was charged in a two-count Indictment [14] with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count One), and with knowing and intentional possession with intent to distribute more than 50 grams of methamphetamine (Count Two). Indict. [14] at 1. Defendant pled guilty to Count One on April 25, 2017, pursuant to a Plea Agreement [32] with the Government. Minute Entry, Apr. 25, 2017. On August 30, 2017, Defendant was sentenced to 160

1

months of imprisonment, followed by a five-year term of supervised release, and Count Two of the Indictment [14] was dismissed. J. [40]. Defendant did not file a direct appeal, and, accordingly, his conviction became final on September 13, 2017. *See* Fed. R. App. P. 4(b)(1)(A)(i).

On January 19, 2023, Defendant filed a Motion [47] to Vacate under 28 U.S.C. § 2255. Mot. [47] at 4-5; Envelope [47-1]. Defendant argued that the Court erred in applying a two-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1(b)(5) because he claims that he should have been subject to a downward adjustment as a minor or minimal participant, Mot. [47] at 4-5, and that his counsel was ineffective for failing to argue that he was a minor or minimal participant, *id.* at 6. Defendant also claimed that his plea was not knowing and intelligent because "he was misinformed by the district court as to the nature of the enhancement charge." *Id.* at 8.

On January 25, 2023, the Court entered an Order [48] and Judgment [49], summarily dismissing Defendant's Motion [47] because it was "plainly barred by the statute of limitations under § 2255(f)." Order [48] at 5. The Court found that the Motion [47] had been filed more than a year after Defendant's conviction had become final, and that none of the other limitations periods set forth in § 2255(f) were applicable. *Id.* at 3-4. Moreover, Defendant did not demonstrate that he had been diligently pursuing his rights, so equitable tolling was inapplicable. *Id.* at 4. The Court also denied a certificate of appealability. *See* Certificate of Appealability [50].

On February 10, 2023, Defendant filed the present Motion [51], seeking relief from the Court's Order [48] and Judgment [49] pursuant to Federal Rule of Civil Procedure 60(b). Mot. [51] at 1-3. He also requests an evidentiary hearing and that counsel be appointed. *Id.* at 5. Citing *Concepcion v. United States*, 142 S. Ct. 2389 (2022), Defendant argues that the Court erred in finding that his § 2255 Motion [47] was untimely. *Id.* at 3.

Defendant also raises a new ground for alleged error in his sentencing based on a recent case from this district, *United States v. Robinson*, No. 3:21-cr-14-CWR-FKB-2, 2022 U.S. Dist. LEXIS 231041 (S.D. Miss. Dec. 23, 2022). *See id.* at 4-5. In *Robinson*, the Court granted a motion for deviation from the Guidelines regarding the purity level of methamphetamine that the defendant was found to have possessed. 2022 U.S. Dist. LEXIS 231041, at *7-9. The Court determined that, although Robinson possessed methamphetamine with a purity level between 96% and 97%, his offense level should be calculated under the Guidelines provision for methamphetamine mixture rather than actual methamphetamine due to a disagreement with the Guidelines' use of drug purity as a proxy for culpability.[1] *Id.* at 1, 7-9.

---

[1] For controlled substance offenses that do not result in death or serious bodily injury, the Guidelines determine the base offense level based on the controlled substance and the quantity possessed. U.S.S.G. § 2D1.1(a), (c). The Guidelines provide a 10-to-1 weight disparity between actual methamphetamine and methamphetamine mixture, *id.* § 2D1.1(c), and direct that the offense level should be either the level determined by the entire weight of the mixture or by the weight of the actual methamphetamine in the mixture, whichever is greater, *id.* § 2D1.1(c) note (b). The "actual" methamphetamine in the mixture is based on the purity level of the mixture; "[f]or example, a mixture weighing 10 grams containing [methamphetamine] at 50% purity contains 5 grams of [methamphetamine] (actual)." *Id.* As a result, possession of methamphetamine with a higher purity level corresponds with a higher offense level.

3

Based on *Robinson*, Defendant contends that his attorney should have objected to his base offense level under the Guidelines. Mot. [51] at 4-5. He was found to have possessed 293.7 net grams of methamphetamine with a purity of 96%, yielding 281.95 grams of actual methamphetamine and a base offense level of 32. PSR [37] at 5; U.S.S.G. § 2D1.1(c)(4). Defendant argues that if his base offense level had been calculated based on 293.7 grams of methamphetamine mixture, his offense level would have been 26, Mot. [51] at 5; *see* U.S.S.G. § 2D1.1(c)(7), and that because his attorney failed to object, he "is actual and factual innocence [sic] of the 214.4. [sic] grams,"[2] Mot. [51] at 5.

## II. DISCUSSION

A.    Whether Defendant's Motion [51] is a second or successive petition

Federal Rule of Civil Procedure 60(b) "provides that a district court 'may relieve a party or its legal representative from a final judgment, order, or proceeding for' any one of certain enumerated grounds," including mistake, excusable neglect, or "any other reason that justifies relief." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); Fed R. Civ. P. 60(b)(1), (6). While Rule 60(b) applies to petitions brought pursuant to 28 U.S.C. § 2255, its use is limited due to § 2255(h)'s restriction on filing second or successive habeas petitions. *See Gonzelez v. Crosby*, 545 U.S. 524, 530-36 (2005); *Hernandes*, 708 F.3d at 681-82.

---

[2] Defendant's Motion [51] does not explain the basis for this "214.4. [sic] grams," or otherwise provide any support for his contention that a failure to object would make him innocent of possession of this quantity of methamphetamine. *See* Mot. [51]. It appears that Defendant may have taken this number from *Robinson*, where Robinson was found to have possessed 214.4 grams of methamphetamine. *See Robinson*, 2022 U.S. Dist. LEXIS 231041, at *1.

4

Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals," 28 U.S.C. § 2255(h), and without such authorization from the court of appeals, "a district court lacks jurisdiction to hear the § 2255 motion," *United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018). A Rule 60(b) motion is treated as a second or successive petition when it brings substantive claims, rather than solely procedural ones. *Hernandes*, 708 F.3d at 681. As a result, in certain circumstances, a district court lacks jurisdiction to consider a Rule 60(b) motion. *Id.*

However, a Rule 59(e) motion to alter or amend a habeas judgment does not qualify as a second or successive petition, *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (addressing a § 2254 motion); *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (applying *Banister* to a § 2255 motion), and if a motion to reconsider a prior ruling is filed within twenty-eight days after the entry of judgment, it is treated as a Rule 59(e) motion even if titled as a Rule 60(b) motion, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *In re Franklin*, 832 F. App'x at 341.

Here, Defendant's Motion [51] seeks relief from an Order [48] and Judgment [49]. The Order [48] and Judgment [49] were entered on January 25, 2023, and the Motion [51] was filed on February 10, 2023, only sixteen days after the entry of judgment. Accordingly, even though Defendant has titled his motion as seeking relief under Rule 60(b), the Court construes it as a Rule 59(e) motion. *See In re Franklin*, 832 F. App'x at 341. Therefore, Defendant's motion is not a second or

5

successive § 2255 motion, and the Court has jurisdiction to consider it. *Id.*; *Banister*, 140 S. Ct. at 1702.

B.  Whether the Court erred in finding Defendant's Motion [47] to be untimely

1.  Rule 59(e) standard

Under Rule 59(e), a judgment may be amended "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182. A movant cannot rely on "arguments or claims 'that could, and should, have been made before the judgment issued.'" *Id.* (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)). Nor can a movant use a Rule 59(e) motion to assert a new legal theory. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

2.  Analysis

In its Order [48], the Court found that Defendant's Motion [47] was "plainly barred by the statute of limitations under § 2255(f)" because Defendant filed it more than a year after his conviction became final, and none of the other limitations periods set forth in § 2255(f) were applicable. Order [48] at 3-5. Defendant argues that the Court erred by dismissing his Motion [47] as untimely, arguing that "under the Supreme Court ruling in *Concepcion* . . . his motion is timely filed." Mot. [51] at 3. *Concepcion* was decided prior to the entry of this Court's Order [48], and Defendant has not cited any newly discovered evidence that was previously unavailable to him. Accordingly, Defendant must demonstrate that the Court's

6

determination that his petition was untimely is "a manifest error of law." *Demahy*, 702 F.3d at 182.

Defendant's Motion [51] is not proper under Rule 59(e). His challenge to the use of actual methamphetamine rather than methamphetamine mixture to calculate his offense level is a new legal theory that cannot be raised in a Rule 59(e) motion, *Simon*, 891 F.2d at 1159, and is also barred by § 2255(f)'s statute of limitations, *see* 28 U.S.C. § 2255(f); Order [48]. As for his claims that his Motion [47] was timely, the authority on which Defendant relies, *Robinson* and *Concepcion*, was available to Defendant prior to the filing of his original Motion [47], and therefore any arguments based on those cases are ones "that could, and should, have been made before the judgment issued." *Demahy*, 702 F.3d at 182 (quoting *Marseilles Homeowners Condo. Ass'n*, 542 F.3d at 1058).

Even if his timeliness argument could be considered through a Rule 59(e) motion, Defendant's reliance on *Concepcion* and *Robinson* is entirely misplaced. *Robinson* is another case from this district addressing a motion to deviate from the Guidelines calculation of an offense level based on drug quantity, *see generally* 2022 U.S. Dist. LEXIS 231041, and it is not binding on this Court, *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quotation omitted)). Even if it was, the case does not address any statute of limitations issue, *see generally* 2022 U.S. Dist. LEXIS 231041, and, therefore, does not show that the Court's finding as to

7

timeliness was a manifest error of law. Finally, Defendant's new discovery of a case does not justify equitable tolling of § 2255's statute of limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Regarding *Concepcion*, that case addressed "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion," 142 S. Ct. at 2396, and made no mention of the statute of limitations for a § 2255 motion, *see generally id.* Moreover, Defendant has made no reference to the First Step Act in either of his Motions [47][51], and it is unclear what relevance the First Step Act has to Defendant's conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. To the extent that Defendant's Motion [51] could be read to suggest that *Concepcion* created a newly recognized right made retroactively applicable to cases on collateral review and therefore provided a new limitations period, *see* 28 U.S.C. § 2255(f)(3), he is mistaken. *Concepcion* did not recognize a new rule of constitutional law. *See United States v. London*, 937 F.3d 502, 506-07 (5th Cir. 2019) (discussing the necessary finding for the limitations period of § 2255(f)(3) to apply); *see generally Concepcion*, 142 S. Ct. at 2398-405.

It appears that Defendant's reliance on *Concepcion* is based on language from *Robinson*, which quoted *Concepcion* regarding the role of a sentencing court "to consider every convicted person as an individual," including mitigating and aggravating circumstances. 2022 U.S. Dist. LEXIS 231041, at *6 (quoting

*Concepcion*, 142 S. Ct. at 2399). As the Supreme Court in *Concepcion* itself recognized, such individualized consideration of a defendant at sentencing "has been uniform and constant in the federal judicial tradition" with a history that "dates back to before the founding." 142 S. Ct. at 2399. A "uniform and constant" tradition, especially one that was applied in the present case, is not a new rule under § 2255(f)(3). *See* Statement of Reasons [39] (noting the Court's consideration of the aggravating and mitigating circumstances of Defendant's case).

In sum, Defendant has not demonstrated that the Court erred in dismissing his § 2255 Motion [47] as untimely. The Court finds that Defendant's Motion [51] for Relief from Judgment should be denied. Further, because Defendant's claims are barred by the statute of limitations and were properly dismissed, his request for an evidentiary hearing and appointment of counsel should also be denied. *See* R. Governing § 2255 Proceedings 6(a), 8(a), (c); 18 U.S.C. § 3006A(2)(B).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brandon Bradley's Motion [51] for Relief from Judgment Pursuant to Rule 60(b), to Appoint Counsel, and for an Evidentiary Hearing is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE