IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 1:17cr9-HSO-RHW-1

BRANDON BRADLEY

## ORDER DENYING DEFENDANT BRANDON BRADLEY'S MOTION [58] TO REDUCE SENTENCE

BEFORE THE COURT is Defendant Brandon Bradley's Motion [58] to "Reduce Sentence under Compassionate Release pursuant to 18 U.S.C. § 3582 as amended by 603(b) – First Step Act." Mot. [58] at 1 (emphasis removed). Defendant requests that his sentence be reduced based on *United States v. Robinson*, his disagreement with the United States Sentencing Guidelines' treatment of methamphetamine, and the COVID-19 pandemic. *See id.* at 3-7 (citing *United States v. Robinson*, No. 3:21-cr-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022)). As the Government has not filed a response, and the time for doing so has passed, this Motion [58] is fully briefed. L.U. Crim. R. 47(C)(1). Having considered Defendant's arguments, the record, and relevant legal authority, the Court finds that the Motion [58] should be denied.

1

## I. BACKGROUND

On January 25, 2017, Defendant Brandon Bradley ("Defendant") was charged in a two-count Indictment [14] with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count One), and with knowing and intentional possession with intent to distribute more than 50 grams of methamphetamine (Count Two). Indict. [14] at 1. Defendant pled guilty to Count One on April 25, 2017, pursuant to a Plea Agreement [32] with the Government. Minute Entry, Apr. 25, 2017. On August 30, 2017, Defendant was sentenced to 160 months of imprisonment, followed by a five-year term of supervised release, and Count Two of the Indictment [14] was dismissed. J. [40]. Defendant did not file a direct appeal, and, accordingly, his conviction became final on September 13, 2017. *See* Fed. R. App. P. 4(b)(1)(A)(i).

On January 19, 2023, Defendant filed a Motion [47] to Vacate under 28 U.S.C. § 2255, Mot. [47] at 4-5; Envelope [47-1], which was denied on January 25, 2023, because it was "plainly barred by the statute of limitations under § 2255(f)[,]" Order [48] at 5. The Court found that the Motion [47] had been filed more than one year after Defendant's conviction had become final, and that none of the other provisions set forth in § 2255(f) were applicable. *Id.* at 3-4. The Court also denied a certificate of appealability. *See* Certificate of Appealability [50].

On February 10, 2023, Defendant filed a Motion [51] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Court's Order [48] and Judgment [49] on his Motion [47] to Vacate under 28 U.S.C. § 2255. Mot. [51] at

1-3. Defendant raised *United States v. Robinson* as a new ground for alleged error at his sentencing. *See id.* at 4-5; *see also Robinson*, 2022 WL 17904534. In *Robinson*, the Court granted a motion for deviation from the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") regarding the purity level of methamphetamine the defendant was found to have possessed. 2022 WL 17904534, at *3-4. The Court treated Defendant's Rule 60(b) Motion [51] as one brought pursuant to Federal Rule of Civil Procedure 59(e), and denied the Motion [51] on February 27, 2023. Order [52] at 4-5, 9.

On January 16, 2024, Defendant filed the instant Motion [58] to Reduce Sentence, arguing that extraordinary and compelling circumstances justify his release because of *Robinson*, specifically, "the 10:1 weight disparity between actual methamphetamine and methamphetamine[,]" and "the harsh prison conditions during the covid-19 pandemic." Mot. [58] at 2-3. Defendant asserts that *Robinson* represents a "growing body of case law" which suggests that the Guidelines' "distinction between actual methamphetamine and mixture is no longer appropriate because it is not based on empirical data, does not serve as an accurate proxy for culpability, and creates unwarranted sentencing disparities and discrepancies between methamphetamine and actual methamphetamine." *Id.* at 3. Defendant states that if the Court were to sentence him without the "10:1 ratio for quantities of methamphetamine mixture and actual methamphetamine[,]" his base offense level would have been 24 instead of 32. *Id.* at 4.

Additionally, Defendant argues that the COVID-19 pandemic is an extraordinary and compelling circumstance justifying release because "the pandemic was the most extreme public health crisis of the last century, affecting each and every prisoner in ways that we are still laboring to understand." *Id.* at 6. Defendant makes no argument as it relates to the 18 U.S.C. § 3553 sentencing factors. The Government has not filed a response, and the time for doing so has passed. L.U. Crim. R. 47(C)(1).

## II. DISCUSSION

A. <u>Whether Defendant has shown an extraordinary and compelling circumstance justifying release</u>

1. *Robinson* <u>and the Guidelines' treatment of methamphetamine</u>

Defendant's primary argument is that *Robinson*'s deviation from the Guidelines' is an intervening change in the law warranting resentencing without the increased penalties for possession of actual methamphetamine. Mot. [58] at 3-7. First, as this Court stated when it denied Defendant's previous Motion [51], "*Robinson* is another case from this district addressing a motion to deviate from the Guidelines calculation of an offense level based on drug quantity, and it is not binding on this Court." *United States v. Bradley*, No. 1:17CR9-HSO-RHW, 2023 WL 2254558, at *3 (S.D. Miss. Feb. 27, 2023) (internal citations omitted); *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Therefore, it is not an intervening change in the law binding on this Court.

Second, even if *Robinson* were an intervening change in the law, U.S.S.G. § 1B1.13(c) limits the Court's discretion to consider an intervening change in the law

4

an extraordinary and compelling circumstance to only the circumstances described in U.S.S.G. § 1B1.13(b)(6). *Id.*; *see also* U.S.S.G. § 1B1.13(b)(6). Under § 1B1.13(b)(6), a change in the law may be considered an extraordinary and compelling circumstance where "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" U.S.S.G. § 1B1.13(b)(6). Defendant was sentenced on August 30, 2017, meaning that he has not served a full ten years of his term of imprisonment. *See* J. [40].

Third, even if *Robinson* were binding on this Court and could be considered as an extraordinary and compelling circumstance justifying release, it is easily distinguishable because *Robinson* addressed the issue of actual or pure methamphetamine versus a mixture at the sentencing stage, not on a motion for compassionate release. *See Robinson*, 2022 WL 17904534, at *1-2. Furthermore, as to Defendant's general argument regarding the Guidelines' distinction between actual methamphetamine versus a mixture, sentencing is the more appropriate stage to consider such policy disagreements with the Guidelines, rather than on a motion for compassionate release. *See United States v. Rodriguez-Flores*, No. 2:05-CR-21-KS-MTP, 2023 WL 4306755, at *4 n.10 (S.D. Miss. June 30, 2023). *Rodriques-Flores* addressed *Robinson* on a motion for compassionate release, reasoning that if courts

> find that such policy disagreement creates an "extraordinary and compelling reason" for early release, the Court would likely open the flood gates to effectually resentence each defendant who had been sentenced by a judge who utilized the sentencing guidelines as written at sentencing. It is better that consideration of such disparity be taken at the time of sentencing.

*Id.* The same reasoning applies to the arguments raised by Defendant here.

Finally, while "[a]s a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines[,]" *United States v. Valdez*, 268 F. App'x 293, 297 (5th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)) (quotation omitted), a defendant cannot use motions for compassionate release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors[,]" *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (quoting *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022)). Thus, Defendant cannot use a motion for compassionate release as a substitute for a postconviction motion to argue that the Court erred in sentencing by applying the Guidelines' treatment of methamphetamine.

2. <u>Whether COVID-19 is an extraordinary and compelling circumstance justifying release</u>

Defendant makes general arguments that he should be released due to the COVID-19 pandemic. *See* Mot. [58] at 6-7. "First, '[b]oth international and domestic health authorities, particularly the World Health Organization, the United States Centers for Disease Control and Prevention, and the federal government, have made clear that the COVID-19 pandemic has ended.'" *United States v. Casey*, No. 1:15-CR-1-LG-RHW-2, 2023 WL 4306765, at *2 (S.D. Miss. June 30, 2023) (alteration in original) (quoting *United States v. Ruiz*, No. 4:19CR269-DSJ, 2023 WL 3628265, at *5 (E.D. Tex. May 24, 2023)). Second, "[f]ear of COVID doesn't

automatically entitle a prisoner to release[,]" *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021), because if the Court were to "release every prisoner at risk of contracting COVID-19" it "would then be obligated to release every prisoner[,]" *United States v. Turner*, No. 2:15-CR-1-KS-MTP, 2022 WL 1072880, at *3 (S.D. Miss. Apr. 8, 2022).

In short, except for rare and exceptional cases, the COVID-19 pandemic was not an extraordinary and compelling circumstance justifying release while it was ongoing, and the pandemic certainly is not one now that it has ended. Defendant has not shown an extraordinary and compelling circumstance justifying release in this regard.

B.  The applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Defendant's release

Even if Defendant had presented evidence of an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i), the § 3553(a) factors weigh against his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

As an initial matter, "the burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion [for compassionate release] after considering the [Section] 3553(a) factors.'" *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (alteration in original) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)). Defendant failed to make any argument as to the § 3553(a) factors, and thus, has not met his burden. *See* Mot. [58] at 3-8. Moreover, the facts of this case weigh against early release. Defendant was convicted of conspiracy to possess with intent to distribute 281.95 grams of actual methamphetamine. PSR [37] at 6 (under seal). Defendant's criminal history includes a number of prior criminal convictions, including a conviction for transfer of a controlled substance in 2011. *Id.* at 7-10. Additionally, any argument relating to a disparity in sentence caused by the Guidelines' treatment of actual versus mixture methamphetamine has already been addressed, and the Court need not address it again.

In sum, Defendant was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that reducing Defendant's sentence would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a). Defendant's Motion [58] for Compassionate Release should be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of Defendant's remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brandon Bradley's Motion [58] to Reduce Sentence is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE